NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHAMMAD SHARIF KHALIL, | No. 20-55323 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-07903-DMG-KS |
| v. | |
| L. FRANCIS CISSNA, in his capacity as Director of U.S. Citizenship and Immigration Services; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted March 3, 2021
Pasadena, California

Before: KLEINFELD, TALLMAN, and OWENS, Circuit Judges.

Mohammad Sharif Khalil appeals from the district court's judgment granting

United States Citizenship and Immigration Services' ("USCIS") motion to dismiss.

As the parties are familiar with the facts, we do not recount them here. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

As a threshold matter, we "[a]ssum[e] without deciding" that we have jurisdiction to review this appeal. *See, e.g.*, *Janjua v. Neufeld*, 933 F.3d 1061, 1062 (9th Cir. 2019). Thus, we need not decide whether the agency is correct that its decision was discretionary and therefore foreclosed from judicial review under 8 U.S.C. § 1252(a)(2)(B)(ii).

Khalil argues that USCIS was estopped from finding him inadmissible in 2019 because, by granting him asylum in 2000, the agency had "actually and necessarily" decided he was not "engaged in a terrorist activity." *See* 8 U.S.C. § 1182(a)(3)(B)(i). Khalil further contends that the intervening changes in the law during that 19-year period did not sufficiently alter the terrorism-related grounds for inadmissibility to undermine his ability to assert collateral estoppel.

We disagree. In 2005, Congress passed the REAL ID Act, which rendered inadmissible any noncitizen who "received military-type training . . . from or on behalf of any organization that, at the time the training was received, was a terrorist organization." Pub. L. No. 109-13, § 103(a), 119 Stat. 307 (May 11, 2005) (codified as amended at 8 U.S.C. § 1182(a)(3)(B)(i)(VIII)). Receiving "military-type training" from a "terrorist organization" was thus an entirely new ground for inadmissibility that did not exist when Khalil received asylum in 2000. For issue preclusion to apply, an issue must have been "identical in both proceedings" and "actually litigated and decided in the prior proceedings." *Janjua*,

2

933 F.3d at 1065 (citations omitted). "[A]n issue was actually litigated only if it was raised, contested, and submitted for determination in the prior adjudication." *Id.* at 1062. Khalil's inadmissibility for receiving "military-type training" from a terrorist organization could not have been "actually litigated and decided" in 2000, as "military-type training" was not a ground for inadmissibility at the time. The fact that this provision also referenced other changes in the law, *see* USA PATRIOT Act of 2001, Pub. L. No. 107-56, § 411, 115 Stat. 347-48 (Oct. 26, 2001) (codified as amended at 8 U.S.C. § 1182(a)(3)(B)(vi)(III)) (expanding the definition of "terrorist organization" to include the "Tier III" category), does not change this basic fact.

Khalil's primary argument is that this new provision cannot be applied retroactively to him. But the REAL ID Act explicitly permits retroactivity under these circumstances. Pub. L. No. 109-13, § 103(d), 119 Stat. 308-09 (May 11, 2005) (codified as amended at 8 U.S.C. § 1182 (note)) (stating that the REAL ID Act's amendments "shall apply to . . . acts and conditions constituting a ground for inadmissibility . . . occurring or existing before, on, or after [May 11, 2005]").

Finally, the district court did not abuse its discretion when it denied Khalil's request for limited factual discovery to establish "with certainty" whether the terrorism-related grounds for inadmissibility were "actually litigated" in his asylum proceedings. Because the "military-type training" ground did not exist until 2005,

the issue could not have been "actually litigated" in 2000.  Thus, even if the record showed that the agency was estopped on some of the other issues on appeal, it could not change the result as to Khalil's "military-type training."

Like the district court, we are "not unsympathetic to [Khalil's] predicament as there are many equities that favor his cause."  For the above reasons, however, we have no choice but to affirm.

**AFFIRMED.**

4